CLARENCE A. ALDRICH, Assignee, *vs.* BYRON H. ARNOLD, Deputy Sheriff.

13   655<br>14   501

An assignment of partnership property only will not avoid an attachment under Pub. Stat. R. I. cap. 237, § 12.

An attachment is avoided under this statute only when the assigning debtor can by his assignment convey the property under attachment.

*Gardner* v. *Commercial National Bank*, *ante*, p. 155, affirmed.

Property was attached on a writ which directed an attachment to the value of $900; the claim sued was larger than this sum,

*Held*, that the attachment lien would not be limited to $900.

TROVER. Heard by the court on an agreed statement of facts, jury trial being waived.

The facts agreed upon are as follows :

" That on and before the                day of December, A. D. 1881, one Albert C. Greene, now deceased, and Edward C.

Allen, both of Providence, were copartners, carrying on the business of manufacturing jewelers in said Providence, under the firm name of Greene & Allen, and that on the        day of December, A. D. 1881, said Greene died intestate.

" That said firm was at this time insolvent, and was largely indebted to Louis Sussfeld *et al.*, late copartners, as Sussfeld, Lorsch & Co., and William B. Wightman, hereinafter referred to, and others.

" That on the 6th day of February, A. D. 1882, said Louis Sussfeld *et al.* sued out of the Supreme Court for Providence County a writ of attachment against said Edward C. Allen as surviving partner of said firm of Greene & Allen, based on said copartnership debt, in which the officer serving the same was directed in and by said writ to attach property to the value of $900, and in which the *ad damnum* was laid at $1,200, and that said writ was delivered to the defendant, Byron H. Arnold, a deputy sheriff for Providence County, for service, and on the same day served by the defendant, by attaching the property described in the plaintiff's declaration, all of which was property that belonged to said firm of Greene & Allen prior to its dissolution by the death of said Albert C. Greene, and then was the property of said Allen as surviving partner of said firm.

" That said writ was afterwards duly entered in this court. . . .

" That on said 6th day of February, A. D. 1882, and after said attachment had been made, the said Edward C. Allen made an assignment of all the copartnership property of said late firm of Greene & Allen, and all that belonged to him as surviving partner of said firm, to the plaintiff in this case, which was duly recorded; a copy of which is hereto annexed, marked Exhibit A, and made a part hereof, and that William B. Wightman, administrator on the estate of said Albert C. Greene, assented to and approved of said assignment.

" It is further agreed that at the time of the making of the above mentioned assignment said Edward C. Allen had no property of any kind beside such as was described in said assignment except such, other than debts secured by bills of exchange or negotiable promissory notes, as was exempted from attachment by statutes of this State and the United States, and that he had individual debts to the amount of about $1,000. That there was

due and owing as wages of labor performed under said assignment the sum of about $100.

" That on the 11th day of February, A. D. 1882, William B. Wightman sued out of this Honorable Court a writ of attachment against said Edward C. Allen, surviving partner as aforesaid, based on a copartnership debt, in which the officer serving the same was directed to attach property to the value of $15,000, the *ad damnum* being in the same amount, which said writ was delivered to the defendant for service, and by him served on the same day, by attaching the property described in the plaintiff's declaration, subject to said prior attachment in favor of Sussfeld, Lorsch & Co.

" That said writ was duly entered in this court. . . .

" That on the 13th day of February, A. D. 1882, said Edward C. Allen made a general assignment to the plaintiff in this case for the equal benefit of all his creditors, which was duly recorded, a copy of which is hereto annexed, marked Exhibit B, and made a part hereof, and said Wightman, as administrator on Greene's estate, assented to it.

" That afterward, and before the commencement of this suit, and before the sale hereinafter referred to, the plaintiff made a legal demand on the defendant for the goods and chattels described in his declaration, under and by virtue of each and both of said assignments, and that then and there the defendant refused to deliver up the same to him.

" That all of said property was sold on the 23d day of February, A. D. 1882, at public auction, under and by virtue of an order of this court granted on the 11th day of February, A. D. 1882, for the sum of $1,400.

" Under this statement of facts, if the attachment of Sussfeld, Lorsch & Co. was dissolved by either or both of said assignments, and the attachment of said Wightman was void or dissolved by said last assignment, and the order of said court is no defence, then judgment shall be entered for the plaintiff for $1,400 and costs.

" If both attachments remain valid, the judgment shall be for the defendant for costs.

" If the attachment of Sussfeld, Lorsch & Co. remains valid,

can the officer hold more than $900 for them ? If he cannot, and Wightman's attachment was void or dissolved, then judgment shall be for the plaintiff for $500.

" If the defendant can hold more than $900 for Sussfeld, Lorsch & Co., and Wightman's attachment was void or dissolved, then the plaintiff may recover in this action the balance of said $1,400, after paying Sussfeld, Lorsch & Co.'s judgment, this amount to be determined hereafter."

### EXHIBIT A.

" Know all men by these presents, that I, Edward C. Allen, of the city and County of Providence, in the State of Rhode Island, surviving partner of the late firm of Greene & Allen, which said firm was composed of myself the said Edward C. Allen and one Albert C. Greene, late of said Providence, deceased, in consideration of one dollar to me paid by Clarence A. Aldrich, of said city, county and State, and of the uses, purposes, and trusts hereinafter mentioned and created, do grant, bargain, sell, assign, and convey unto the said Clarence A. Aldrich, his heirs, executors, administrators, and assigns, all the property and estate, of every name, kind, and nature, and wheresoever the same may be situated, that belonged to the 'late firm of Greene & Allen at the time of the decease of said Albert C. Greene, and all the property and estate to which said Greene & Allen were in any way entitled at the time of the decease of said Albert C. Greene, and all that now belongs to me as surviving partner of said firm, together with all the evidences thereof and securities therefor, and including all sums of money due and owing to and belonging to said firm, and to myself as its surviving partner, and all the books of account and papers relating to the same.

" To have and to hold the same with the appurtenances to him, the said Clarence A. Aldrich, his heirs, executors, administrators, and assigns forever. But upon the special trust, nevertheless, that the said Clarence A. Aldrich shall forthwith take possession and seizin of the same, and within such reasonable time and manner as he shall deem for the best interest of the creditors of said firm, either by public auction or private sale, convert all of said property that is of a salable nature into money, and shall, as soon as possible, collect all sums of money due and owing to said firm, and

to me as surviving partner thereof, and all claims and demands that said firm, and that I as surviving partner thereof, have against any person or persons, in full, if possible, and if not he shall compromise the same on such terms as he may deem for the best interest of said creditors.

" From the proceeds of such sales and collections he shall first pay himself a reasonable compensation for his services in the premises, and all the reasonable and necessary expenses by him incurred in executing the trusts herein created.

" The balance remaining he shall apply first to the payment of wages of labor performed for said firm, and for me as surviving partner thereof, within six months prior to the date of this assignment, and not exceeding one hundred dollars to any one person.

" The surplus still remaining he shall apply in full, if sufficient, and if not, *pro rata*, to the payment of all other claims and demands against said firm.

" And I do hereby constitute and appoint the said Clarence A. Aldrich the true and lawful attorney irrevocable of said firm of Greene & Allen, and of myself as its surviving partner, with full power of substitution, in his name or otherwise as the case may require, to do all such acts, matters, and things in the premises as the said Clarence A. Aldrich, or his substitute, shall deem necessary for the best interests of said creditors, and for the execution of the trusts, uses, and purposes hereinbefore created, as fully and effectually as I could do the same had not this assignment been made.

" And I, the said Clarence A. Aldrich, do hereby accept the preceding deed of assignment, and do covenant, and agree that I will faithfully execute the uses, trusts, and purposes therein created.

." Witness our hands and seals this sixth day of February, A. D. 1882.

"EDWARD C. ALLEN. [L. S.]

Surviving partner of GREENE & ALLEN.

"CLARENCE A. ALDRICH. [L. S.]

" Executed in presence of
  Z. O. SLOCUM."

Acknowledged and recorded.

### EXHIBIT B.

" Know all men by these presents, that I, Edward C. Allen, of the city and County of Providence and State of Rhode Island, for and in consideration of the sum of one dollar to me paid by Clarence A. Aldrich, of the city, county, and State· aforesaid, the receipt of which is hereby acknowledged, do hereby grant, bargain, sell, assign, and convey unto him, the said Clarence A. Aldrich, his heirs, executors, administrators, and assigns, all my property and estate, of every name, kind, and nature, and wheresoever the same may be situated, together with all the evidences thereof and securities therefor, except so much thereof, other than debts secured by bills of exchange and negotiable promissory notes, as is exempted from attachment by statutes of the State and of the United States.

" To have and to hold the same with the appurtenances thereof to him, the said Clarence A. Aldrich, his heirs, executors, administrators, and assigns forever. In trust, nevertheless, for the equal benefit of all my creditors in proportion to their respective claims.

" And I, the said Edward C. Allen, do hereby constitute and appoint the said Clarence A. Aldrich my true and lawful attorney irrevocable, with power of substitution in my name, or in his name, or otherwise, as the case may require, to do all such acts, matters, and things in the premises as shall be necessary for the best interests of my creditors, and for the execution of the trust hereinbefore created, as fully and effectually as I could do the same had not this assignment been made.

" In testimony whereof I have hereunto set my hand and seal at said Providence, this thirteenth day of February, A. D. 1882.

　　　　　　　　　　　　" EDWARD C. ALLEN. [L. S.]

" Executed and delivered in presence of

　　　" S. S. LAPHAM."

　　　　　　　Acknowledged and recorded.

The statutes affecting the matter in question are Pub. Laws R. I. cap. 723, of June 20, 1878, printed *ante*, p. 156 *sq.*, and Pub. Stat. R. I. cap. 237, § 12.

*May* 29, 1882. PER CURIAM. We think the assignment of February 6, 1882, was ineffectual to dissolve the precedent at-

tachment. It is only a general assignment which under the statute has such an effect, and the assignment of February 6 extended only to partnership property. We think, however, the assignment was valid, since it merely appropriated partnership property to the payment of partnership debts, which is what the law would have done independently of it. The second attachment was therefore unavailing. We think, too, that the assignment of February 11 was ineffectual to dissolve the first attachment, since if the first assignment was valid, the later assignment could not pass the attached property; and we have formerly held that the attachment is dissoluble under the statute only when the debtor still holds the property under attachment and can convey it. *Gardner* v. *Commercial National Bank*, *ante*, pp. 155, 175. .

It follows that the plaintiff is entitled to recover the balance remaining after the payment of the judgment of Sussfeld, Lorsch & Co. We do not think the direction to attach to the value of $900 can be deemed to have restricted the operation of the attachment to that amount, making it invalid for the excess. The direction should be regarded as permissive, not peremptory.

*Judgment accordingly.*

*Clarence A. Aldrich, pro se ipso.*
*Edward D. Bassett,* for defendant.